DETERMINED IN THE

# FIRST DEPARTMENT,

AT

# GENERAL TERM,

## March, 1884.

---

DANIEL GORMAN, Appellant, v. THE SOUTH BOSTON IRON COMPANY, Respondent.

*Place of trial — power of the court to change it — Code of Civil Procedure, secs. 982, 983, 984 and 987.*

The place of trial of an action brought by a resident of this State against a foreign corporation may be changed by the court from the county where the plaintiff resides, and in which the venue was laid, to another county, when such change will promote the convenience of witnesses and the ends of justice.

The peremptory language used in sections 982, 983 and 984 of the Code of Civil Procedure, is qualified and controlled by the provisions of section 987 conferring upon the court power to change the place of trial for the reasons therein specified.

Appeal from an order made at a Special Term changing the place of trial of this action from the city and county of New York to the county of Dutchess.

*Joseph B. Reilly*, for the appellant.

*Horace D. Hufcut*, for the respondent.

Davis, P. J.:

This action is to recover for personal injuries received by plaintiff while working for defendant in an iron mine in Dutchess county. The plaintiff alleges that the injury was caused by the negligent

manner in which the shaft of said mine was constructed and protected.

It seems obvious, from the nature of the action, that it ought to be tried in Dutchess county. But the plaintiff is a resident of the city of New York and the defendant is a foreign corporation organized under the laws of Massachusetts. It is from these facts claimed by the plaintiff that under the provisions of the Code the action "*must be tried*" in the city and county of New York. (Code, §§ 982, 983 and 984.)

Sections 982 and 983 provide where certain actions therein mentioned "must be tried," and section 984 declares that an action "not specified in the last two sections must be tried in the county in which one of the parties resided at the commencement thereof." This is claimed to be a peremptory direction which operates to prohibit the court from changing the place of trial for any reason.

But these several sections must be read in connection with section 987, which confers full power upon the court to change the place of trial for any of the reasons therein specified, among which is, "where the convenience of witnesses and ends of justice will be promoted by the change." This provision qualifies and controls the peremptory language of the preceding sections.

The defendant made a satisfactory case for the change. It is now objected that the affidavit was not in proper form inasmuch as it did not state that the affiant had stated to counsel what he expected to prove by the several witnesses. It does not appear that this objection was taken in the court below. It was a curable one as the affidavit might be corrected and resworn, and the court could have given opportunity to make such correction. The same vice is apparent in the plaintiff's answering affidavit. As there is nothing to show that it was called to the attention of the court we must assume that it was waived either expressly or *cum silentio*.

The order should be affirmed, with ten dollars costs besides disbursements to abide the event of the action.

BRADY and DANIELS, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements to abide event.